### JONATHAN FARNUM *et a. vs.* JOSEPH BELL.

A *scire facias*, against the endorser of a writ, must allege, that the defendant endorsed the writ as attorney of *the plaintiff* in the original suit.
It must also allege, that the name was endorsed near the bottom of the writ before it was served.
In a *scire facias* against one who endorsed the writ of a plaintiff living in the state, the court will not grant the plaintiff in the *scire facias* leave to amend after joinder in demurrer.

THIS was a *scire facias*, in which it was alleged, that the plaintiffs, at the May term of this court, in this county, 1822, recovered judgment against *Edward Evans*, of Enfield, in this county, for the sum of $80 21, costs of suit ; and whereas the defendant " did endorse his surname on the back of the " original writ in the suit, aforesaid, as attorney to the said " *Edward Evans*, and thereby became liable to pay the said " *Farnum* and another, the costs arising in said suit," to the end that justice might be done, the sheriff was commanded to make known to the said *Bell*, that he appear, &c.

To this *scire facias* the defendant demurred, and assigned as causes of demurrer,

1st, That it was not alleged, that the defendant endorsed his name upon the writ before it was served.

2d, That it was not alleged, that the defendant endorsed his name upon the back of the writ, near the bottom.

*Noyes*, for the plaintiffs.

*Bell*, pro se.

RICHARDSON, C. J.   The statute of February 9, 1791, sec. 7, (1 *N. H. Laws* 100,) enacts, "that all original writs, " &c. shall, before they are served, be endorsed on the back " thereof near the bottom, by and with the name of the plain-" tiff, &c. or in like manner by his agent or attorney, &c., " and the plaintiff's agent or attorney, who shall so endorse " his name as aforesaid, shall be liable, &c. to pay the defen-" dant all such costs as he shall recover ;" and the question is, whether there is enough alleged in the *scire facias* now before us, to charge this defendant, as endorser, of a writ, under the statute just recited ?

This action is given by the statute, and it is certain, that the plaintiffs cannot prevail, unless they bring their case substantially within the provisions of the statute, upon which it rests.

The first objection to this *scire facias* is, that it is not alleged, that the name of this defendant was endorsed upon the original writ *near the bottom.*   When this exception was first mentioned, it did not seem to us to deserve much consideration ;  but upon a more attentive examination of the statute, we have not been able to conjecture what sufficient answer can be given to it.   The statute declares, that the writ shall be endorsed near the bottom, and that the agent or attorney, who endorses his name as aforesaid, shall be liable.   There is no ambiguity, no uncertainty, in the language of the statute.   All is clear, plain, explicit ;  and it seems to us, that a *scire facias* upon this statute must allege, that the original writ was endorsed in the manner the statute requires.

Another exception to this *scire facias* is, that it does not allege, that the defendant endorsed his name upon the original writ before it was served.   The same remarks are applicable to this objection as to the last.   It is clearly required by the statute, that the writ shall be endorsed before it is served.   We are aware, that by our practice, permission is frequently given to endorse a writ, after the action is entered ; and we entertain no doubt of the validity of such an endorsement ; for no court would in such a case permit the endorser to shew that the writ was endorsed after it had been served, for the purpose of avoiding his contract.

VOL. III.                10

Farnum et a.
*vs.*
Bell.

There is a further objection to this *scire facias.* It is not alleged, that this defendant endorsed the original writ, as attorney of the plaintiff, in that writ; nor that the plaintiffs, in this suit, were defendants in that. There is nothing alleged in this *scire facias,* from which it can even be inferred, that *Evans* was plaintiff, and these plaintiffs defendants in the original suit, except the allegation, that these plaintiffs recovered judgment for costs against *Evans,* and that *Bell* became liable by endorsing the writ, to pay the costs these plaintiffs might recover against *Evans.* As the *scire facias* is given by the statute to the defendants in the original suit, against the agent or attorney of the plaintiff in the original suit, nothing can be clearer, than that the relation, in which these parties stood to the former suit, must be alleged with reasonable certainty, and that the want of such an allegation cannot be supplied by any vague inference from the facts alleged. The *scire facias* is then in this respect defective in substance. 2 *Mass. Rep.* 521, *Stilson vs. Tobey.*

The plaintiffs' counsel, after the above opinion was delivered, moved for leave to amend.

*By the court.*—As it appears, from the *scire facias,* that *Evans* was an inhabitant of this state, and might have endorsed his own writ, we are of opinion, that after a joinder in demurrer, no leave to amend ought to be given to the plaintiffs.

*Judgment for the defendant.*